**NESCO ALUMINUM SALES**
v.
**Thomas SCOTT**

**No. 8651**

District Court Department
Appellate Division, Northern District
Trial Court of the
Commonwealth of Massachusetts

**March 3, 1981**

---

Jordan L. Shapiro, Esq. for the plaintiff.
Emidio DiLoreto, Esq. for the defendant.

## OPINION

COWDREY, P.J. This is an action in contract to recover the value of labor and materials furnished by the plaintiff's assignor under a contract with the defendant.

At trial there was evidence tending to show that: On June 5, 1975 the defendant entered into a written agreement with the plaintiff's assignor, Interstate Industries, Inc., for the installation of aluminum siding at a cost of $3,914.00. On July 23, 1975 this contract was transferred by written assignment from Interstate to the plaintiff. Said assignment was executed as "security to cover part of the plaintiff's total exposure with Interstate Industries Inc." The defendant testified that he received no notice of said assignment prior to the institution of the present suit.

An involuntary petition in bankruptcy was filed against the plaintiff's assignor on September 12, 1975 by a group of Interstate creditors of which the plaintiff was a member.

The trial court entered judgment for the defendant herein upon the following subsidiary findings of fact:

"Requests number 1(a), (b) and (c), #2 and #3 are Denied, these requests became immaterial since the court finds as a fact that the alleged agreement between Interstate Industries, Inc. and Thomas Scott was entered into on June 5, 1975; that Interstate Industries, Inc. assigned said contract to Plaintiff, Nesco Aluminum Sales on July 23, 1975; that any assignments by Interstate Industries Inc. to Nesco Aluminum Sales, Inc., between June 5, 1975 and September 29, 1975 would have been an act of bankruptcy under Sec. 3(2) of the bankruptcy act and a preferred creditor sic under Sec. 40A (1) of the bankruptcy act and therefore void and unenforceable; and therefore any rights of a claim of Interstate Industries, Inc. enforceable only by a trustee in

bankruptcy."

The plaintiff is presently before this Division on a charge of error in the trial court's denial of the following requested rulings of law:

"1. On all the evidence, a finding for the Plaintiff is warranted because:

(A) the Assignee obtained a signed, written agreement between the parties;

(B) the Assignee completed all the work required under the contract;

(C) the Defendant failed to pay the Assignee or the Assignor the fair value of the work done or the agreed contract price.

"2. Where the Trustee in bankruptcy has not been joined by the Defendant and there has been no adjudication in the bankruptcy court that the within assignment is a claim of the bankrupt-Assignee's estate, the Defendant has no defense that the assignment is a part of the bankruptcy court.

"3. The Defendant has not proven that the assignment was in violation of any provision of the Bankruptcy Act."

The denial of plaintiff's requests for rulings of law numbers two and three was error.

1. Contrary to the trial court's subsidiary and apparently dispositive finding, the assignment of the defendant's contract to the plaintiff by the now bankrupt Interstate Industries, Inc. did not constitute a void and unenforceable preferential transfer on the facts of this case. A preferential transfer is defined in former sec. 60, 11 U.S.C. sec. 96(a) (1) as:

"A transfer, . . for or on account of an antecedent debt, made or suffered by such debtor while insolvent and within 4 months before the filing by or against him of the petition initiating a proceeding under this title, the effect of which transfer will be to enable such creditor to obtain a greater percentage of his debt than some other creditor of the same class."

Each element of this statutory classification must be established before a preferential transfer may be found to have been effected. **Rosenberg v. Rudnick,** 262 F. Supp. 635 (D. Mass. 1967); **Mason v. Wylde,** 308 Mass. 288 (1941). The report **sub judice** is devoid of sufficient evidence, however, to permit a finding that Interstate was in fact insolvent on the date of its assignment or transfer of the defendant's contract to the plaintiff. Absent such evidence, the trial court's categorization of the assignment as preferential within the purview of sec. 60 may not be sustained.

Moreover, even assuming **arguendo** that the assignment in question was preferential, the report at issue discloses no evidence to support the trial court's subsidiary determination that such assignment was void. A preferential transfer is at most voidable rather than automatically void **ab initio** as the trial court ruled. **Adams v. Champion,** 294 U.S. 231, 237 (1935). Subsection 96 (b) of former Title II of the United States Code unequivocally states that:

"Any such preference **may** be **avoided by the trustee** if the creditor...has, at the time when the transfer is made. **reasonable cause to believe that the debtor is insolvent."** (emphasis supplied).

On the record before us, it appears that no evidence was introduced in the trial court to sustain a finding that the plaintiff had "reasonable cause" to believe that Interstate was actually insolvent on the date of the assignment's execution.

It is evident, therefore, that the defendant failed to advance sufficient evidence to establish that Interstate's assignment of the defendant's contract to

the plaintiff constituted a void preferential transfer in violation of the Bankruptcy Act in effect in 1975. The plaintiff was thus entitled to the allowance of requested ruling number 3.

2. Any potential violation of the Bankruptcy Act inherent in Interstate's assignment of the defendant's contract to the plaintiff could not, in any event, be claimed as an affirmative defense by the defendant herein. The above-quoted provision of former 11 U.S.C. sec. 96(b) clearly states that a preferential transfer may be avoided or set aside solely by the trustee in bankruptcy. The trustee is exclusively empowered under the statute to reverse such a transfer, and his right and authority to do so is generally not assignable. Collier, **Collier on Bankruptcy,** pars. 60-75(2).

Contrary to the trial court's ruling herein, the defendant's contractual obligation to Interstate may be successfully enforced by the instant plaintiff, as contract assignee, unless and until Interstate's Trustee in bankruptcy acts to nullify the assignment. The defendant has no standing to challenge Interstate's assignment to the plaintiff under the Bankruptcy Act, and thus has no defense to the plaintiff's present suit on the basis of the statute. See, **United States v. General Resources Ltd.,** 204 F. Supp. 872, 875-876 (D. Colo. 1962). The plaintiff's requested ruling number 2 thus set forth a sound proposition of law and should have been allowed.

3. On the basis of the foregoing, the trial court's judgment for the defendant must be vacated. We are unable, however, to enter a finding for the plaintiff on the limited record before us. The lower court's preoccupation with the defendant's illusory Bankruptcy Act defense precluded a consideration on the merits of the plaintiff's claim. Said claim for work, labor and materials on either an account annexed or quantum meruit theory necessarily entails material questions of fact which can best be resolved on the trial court level. Accordingly, a new trial is in order.

Judgement for the defendant is hereby vacated, and this cause is remanded for a new trial.

So ordered.

<div align="right">

**Cowdrey, P.J.**
**Forte, J.**
**Tiffany, J.**